IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT at KNOXVILLE

| | |
|---|---|
| Larry Payne,<br> Plaintiff,<br><br>v.<br><br>Kerri Tidball, Matthew Winn,<br>Alison Angel, Ryan Snelly,<br>Brett Cobble, and Frank Strada<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:26-mc-5

Case No.

FILED

FEB 02 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

---

## Complaint for Violation of Civil Rights 42 U.S.C. § 1983

---

## Introduction

Larry Payne, a mental health inmate in the custody of the Tennessee Department of

Corrections (TDOC), housed at Bledsoe County Correctional Complex (BCCX), filed this pro se

complaint under 42 U.S.C. § 1983, alleging retaliation to access to the courts and redress

through the Disciplinary Hearing Procedures and Appeal in violation of the First Amendment to

the United States constitution, alleging prison officials deliberate indifference for failure to

protect and denial of decent conditions of confinement in violation of the Eight Amendment to

the United states Constitution. Plaintiff Larry Payne is seeking declaratory injunctive, and

monetary relief.

1

# Jurisdiction And Venue

This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United states. The court has jurisdiction under 25 U.S.C. § 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of civil Procedure.

The Eastern District of Tennessee at Knoxville is an appropriate venue under 38 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

# Previous Lawsuits

1. Have you filed any other lawsuits in the United States District Court of Tennessee or in any other state or federal court? Yes.

1. Parties to the previous lawsuit:

Plaintiffs: Larry Payne

Defendants: Marcus Peters and Marty Kayler

2. In what Court did you file the previous lawsuit? Eastern District of Tennessee at Knoxville

3. Case Number: 3:24-CV-395-KAC-JEM

4.Name of Judge: Katherine A. Crytzer5. Date Filed: In September of 2024

6. What was the disposition? Still pending

7. When was it decided by the Court? 3-19-2025

2

8.Did the previous lawsuit involve the same facts of circumstances that you are alleging in this lawsuit? No

2.1. Plaintiff: Larry Payne

Defendants: Russel Cornett, Patrick Turner, Michelle Brewer, Tracina Cross, Centurion of Tennessee.

2. Eastern District of Tennessee and Knoxville

3. 3:25-cv-298-DCLC-JEM

4. Judge Clifton L. Corker

5. June 30, 2025

6. Still Pending

7. n/a

8. no

# Parties

A. Name of Plaintiff: Larry Payne #330067
   Present Address: BCCX
                    1045 Horsehead Road
                    Pikeville TN 37367
B. Name of Defendant #1: Kerri Tidball

Official Position: Mental Health Therapist/Mental Health Treatment Team Member

Place of employment: BCCX, Kerri Tidball is employed by Centurion of Tennessee, a

private owned contractor for TDOC

Kerri Tidball is being sued in her individual capacity. At all times relevant to this

complaint Kerri Tidball acted and continues to act under the color of state law.

3

2. Defendant #2: Mathew Winn

Official Position: Sergeant Correctional Officer/Disciplinary Board Chairperson

Place of employment: BCCX, Mathew Winn is employed by TDOC.

Mathew Winn is being sued in his individual. At all times relevant to this complaint, Mathew Winn acted and continues to act under the color of state law.

3. Name of Defendant #3: Alison Angel

Official position: Warden's Secretary/Disciplinary Board member

Place of employment: BCCX Alison Angel is employed by TDOC

Alison Angel is being sued in her individual capacity. At all times relevant to this complaint, Alison Angel acted and continues to act under the color of state law.

Name of Defendant #4: Ryan Snelly

Official position: Fire and Safety/Disciplinary Board member

Place of employment: BCCX Ryan Snelly is employed by TDOC

Ryan Snelly is being sued in his individual capacity. At all times relevant to this complaint, Ryan Snelly acted and continues to act under the color of state law.

Name of Defendant #5: Brett Cobble

Official position: Warden

Place of employment: BCCX Brett Cobble is employed by TDOC

Brett Cobble is being sued in his individual capacity. At all times relevant to this complaint, Brett Cobble acted and continues to act under the color of state law.

Name of Defendant #6: Frank Strada

Official position: TDOC Commissioner

4

Place of employment: State of Tennessee
Department of corrections
6th Floor Rachel Jackson building
320 6th Ave North
Nashville TN 37243-0465

Frank Strada is being sued in his individual capacity. At all times relevant to this complaint, Frank Strada acted and continues to act under the color of state law.

## Exhaustion of Remedies

Place of present confinement: BCCX

Is there a prisoner grievance procedure in the institution? Yes

What steps did you take?

Plaintiff had disciplinary hearing before disciplinary Board Panel (Alison Angel and Ryan Snelly), chairperson (Matthew Winn), and reporting official (Kerri Tidball), for the false disciplinary offense refusal to participate. Plaintiff told everyone at the hearing about his mental health, suicidal ideations, and tendencies. Plaintiff filed an appeal with letters to Warden Brett Cobble and TDOC Commissioner Frank Strada about the retaliation, failure to protect, and Plaintiff's problems with his mental health. Plaintiff's mother called and talked to Warden Cobble about Plaintiff's mental health and left several messages to TDOC Commissioner Frank Strada. Plaintiff submitted several sick calls to mental health. (see all attached exhaustion of remedies exhibits)

What was the result?

Plaintiff was found guilty for "R.T.P." and received 30 days punitive seg., with an additional 4 months in segregation,12 months P.S.R.C., job drop, $5 fine, 30 days visitation

5

suspension, and 30 days commissary suspension. Plaintiff's appeal was denied by Warden Cobble and TDOC Commissioner Frank Strada.

Plaintiff attempted suicide after he notified the Defendants of his suicide ideations and tendencies. Frank Strada disregarded letter form Plaintiff and phone calls/ messages from Plaintiff's mother.

## Factual Background

Plaintiff Larry Payne was assigned to the Second Chance Protective Custody Therapeutic Community (P.C./T.C.) program. "The Second Chance program is for inmates currently in P.C., with a level of care (L.O.C.) II mental health diagnosis and in need of substance abuse treatment," see (Therapeutic Community Resident Handbook Exhibit N page 3 in part and page 4 in part).

Plaintiff is diagnosed with schizophrenia affective disorder and has an extensive history of suicide attempts. Plaintiff hears voices and sees things. Plaintiff does what the voices tell him what to do and he has no control. The Plaintiff has no substance abuse addiction or history, he needs adequate psychiatric care, and he has a pending lawsuit against the mental health department at BCCX and Centurion for failure to protect claim and claim for the denial of constitutionally adequate psychiatric care, see (Memorandum and Order exhibit M.

## Statement of Facts

A. Factual Events of Retaliation Claim

These factual events only  involve Defendants Kerri Tidball and Matthew Winn

6

1. On September 3, 2025, Plaintiff Larry Payne received a falsified disciplinary report by Kerri Tidball alleging Plaintiff refused to participate by not finishing his homework assignment. (see Exhibit A)

2. On September 4, 2025, Plaintiff turned his homework assignment into Kerri Tidball along with several other inmates including Jerry Tasker, Greg Davis, Daniel Farley, Joey Meyers, Jeremy Workman, and Elton Stanfill. (see Exhibit B-E)

3. Plaintiff spoke to Kerri Tidball about the disciplinary report. Plaintiff asked Kerri Tidball, why he was the only one that received a writeup? (see Exhibit B-E)

4. Kerri Tidball responded, "because you are the only one that filed a lawsuit against my friends and co-workers but if you drop the lawsuit, I will get the writeup dismissed but if you do not I will make sure the writeup sticks, you get kicked out of the program, you go to the hole for six months, and you can kiss your parole good bye next year." (see Exhibit B-E)

5. Plaintiff asked Kerri Tidball, "so you lied on me with this false writeup because I am suing the mental health department?" (see Exhibit B & M)

6. Kerri Tidball Said, "yes and I am going to do more than that if you don't drop the lawsuit."

7. Unbeknownst to the plaintiff and Kerri Tidball, Elton Stanfill, Jerry Tasker, Daniel Farley, Joey Meyers, and Jeremy Workman stood outside the door and overheard the conversation between the Plaintiff and Kerri Tidball. (see Exhibit C-E)

8. On September 8, 2025, Matthew Winn spoke to Plaintiff about the disciplinary report. Matthew Winn Said, "I talked to Kerri and she told me everything abut the offer that she proposed to you, are you going to take her offer?"

9. Plaintiff said, "no because she is lying on me and I have witnesses."

7

10. Matthew Winn became very angry with Plaintiff and said, "I don't give a damn what you have, if you do not take what she offered you and you waste my time and everyone else's time with a hearing or appeal, you will regret it, I will make you pay; I don't care about your mental health, you will be found guilty at the hearing, you will receive 30 days punitive segregation, job drop, 12 months loss PSRC, and $5 fine, so if I was you, I would take Kerri's offer or you can take my offer which you will not like and you will be denied parole next year." (see Exhibit B)

11. On September 10, 2025, Plaintiff has a class A disciplinary hearing in front of Alison Angel, Ryan Snelly, Matthew Winn, and Kerri Tidball. (see Exhibit F)

12. Plaintiff was found guilty of a "Class A R.T.P.," received 30 days punitive segregation with an additional 6 months segregation, job drop, 12 months loss PSRC (Prisoner Sentence Reduction Credits), $5 fine, 30 days commissary suspension, and 30 days audio and visual suspension. (see Exhibit F)

13. Plaintiff's punishment went in effect immediately.

B. Factual Events For Failure-To-Protect And Denial Of Decent Prison Conditions Of Confinement.

These factual events involves Defendants Kerri Tidball, Matthew Winn, Alison Angel, and Ryan Snelly.

1. On September 8, 2025, Jerry Tasker, Joey Myers, and Elton Stanfill told Kerri Tidball that Plaintiff was in his cell alone but appearing to be talking to someone else about committing suicide. They told Kerri Tidball that Plaintiff has razor blades and a bunch of

8

pills and someone from mental health needs to check on him and get him some help. Kerri Tidball told Tasker to bring Plaintiff to her. (see Exhibit C-E)

2. When Plaintiff came into the office Kerri Tidball told Tasker, Stanfill and Meyers to leave the office, they did but, however, unbeknownst to Kerri Tidball and Plaintiff, they stood outside of the office door. (see Exhibit B)

3. Kerri Tidball asked Plaintiff, "what is going on with you?" (see Exhibit B)

4. Plaintiff told Kerri Tidball, "I see my dead daughter and Abigal, they are telling me, you and Sgt. Winn are trying to hurt me instead of trying to help me and y'all want me dead; so, I believe it would be best for everyone that I kill myself." (see Exhibit B-E)

5. Kerri Tidball said, "do you have razor blades and pills in your possession?" (see Exhibit B)

6. Plaintiff said, yes, that is how I am going to kill myself." (see Exhibit B)

7. Kerri Tidball said, "do you know when you will try to kill yourself?" (see Exhibit B)

8. Plaintiff said "yes when I get put in the hole." (see Exhibit B)

9. Kerri Tidball said, "good, that's perfect because I do not want to do the paperwork and make sure you keep those pills and razors out of sight until its time to use them." (see Exhibit B-E)

10. On September 10, 2025, at the disciplinary hearing Plaintiff told Matthew Winn, Alison Angel, Ryan Snelly, and Kerri Tidball before he was found guilty that, "it is not good for me to be locked in a cell or go to the hole because I am feeling suicidal, my meds are not helping, and the voices keep telling me to kill myself, I did nothing wrong, why do y'all want to hurt me?" (see Exhibit B)

9

11. Matthew Winn responded, "We are not here for all that, we are here to have this hearing; I told you what will happen if you have a hearing and I do not care if you try to kill yourself. That is on you but you will be found guilty and go to the hole." (see Exhibit B)

12. Alison Angel said, "I am here to find you guilty, not to talk about your mental health. I agree with Sgt. Winn with whatever punishment he imposes." (see Exhibit B)

13. Ryan Snelly said, "I do not deal with mental health, that is your problem. I agree with Sgt. Winn and Ms. Angel." (see Exhibit B)

14. Plaintiff was found guilty and placed in segregation. While in segregation, Plaintiff continued to hear voices and see things. Plaintiff continued to have suicidal thoughts. (see Exhibit B & G)

15. On September 16, 2025, Plaintiff attempted suicide by ingesting a large amount of his psychiatric meds and was placed on close suicide watch. Plaintiff experienced severe chest pain, severe headaches, and muscle spasm which he was referred to a physician, He was on suicide watch for 10 days. (see Exhibit B & G)

C. Factual Events for Deliberate Indifference Claim These Factual Event Involves all Defendants

1. On September 8, 2025, Kerri Tidball knew and disregarded Plaintiff's suicidal ideations and tendencies after Plaintiff and other inmates informed her of Plaintiff's mental health issues. (see Exhibit B & G)

10

2. On September 10, 2025, Matthew Winn, Alison Angel, Ryan Snelly, and Kerri Tidball knew and disregarded Plaintiff's suicidal ideations and tendencies after Plaintiff informed them of his mental health condition and thoughts of suicide. (see Exhibit B)

3. On September 12, 2025, Plaintiff wrote a letter with his disciplinary appeal to Warden Brett Cobble and a letter to TDOC Commissioner Frank Strada about the retaliation and his mental health condition/thoughts of suicide. Plaintiff requested for them to rectify the problems and to authorize for Plaintiff to receive adequate mental health care. Plaintiff's mother called and left messages to Cobble and Strada. (see Exhibit H-J)

4. Brett Cobble and Frank Strada knew and disregarded the retaliation and Plaintiff's suicidal ideations, tendencies, and his mental health condition. (see Exhibit B, H-J)

5. On September 16, 2025, Brett Cobble denied the disciplinary appeal and disregarded Plaintiff's letter. (see Exhibit K)

6. Plaintiff attempted suicide by ingesting a large amount of his psychiatric meds because the voices told him "it is a conspiracy against him and it would be in everyone's best interest for him to kill himself." The plaintiff was very depressed and hopeless. Plaintiff received medical care and was placed on suicide watch by Dr. Winn. Plaintiff suffers from sever chest pain, severe headaches, and severe muscle spasms which he was referred to a physician. He was on suicide watch for 10 days. (see Exhibit B & G)

7. On October 10, 2025, Frank Strada denied the disciplinary appeal and disregarded Plaintiff's letter and phone calls/messages by Plaintiff's mother. (see Exhibit L)

11

# Claims for Relief

# Retaliation Claim

Defendants Kerri Tidball and Matthew Winn retaliated against the plaintiff by filing a false disciplinary report (refusal to participate), placing the plaintiff in 30 days punitive segregation, and additional segregation for 4 months, taking 12 months of earned good time from the plaintiff, job drop, $5.00 fine, and threats to keep the plaintiff in prison longer by sabotaging the plaintiff's eligibility of being granted parole in October of 2026 because Plaintiff access to the courts (filing a lawsuit) and for exercising his right to a disciplinary hearing and appeal which violates the plaintiff's First Amendment right to the United states Constitution.

The actions of Kerri Tidball and Matthew Winn caused the plaintiff pain and suffering, mental anguish, stress, emotional distress, fear, and injury to his constitutional right.

B. Failure to Protect Claim

Defendants Kerri Tidball, Matthew Winn, Alison Angel, and Ryan Snelly knew and disregarded, Plaintiff's suicidal ideations and tendencies, which did in fact, result in suicide attempt constitute cruel and unusual punishment in violation of the Eighth Amendment to the Unites States Constitution.

The actions of the Defendants caused the Plaintiff pain and suffering, mental anguish, stress, depression, emotional distress, and injury to Plaintiff's constitutional rights.

C. Denial of Decent Prison Condition

Defendants Kerri Tidball, Matthew Winn, Alison Angel and Ryan Snelly deliberate indifference to the plaintiff's right to decent conditions of confinement by  punishing the

12

plaintiff, who is a mentally ill inmate with a serious mental health condition/diagnosis of schizophrenia affective disorder (depression type), who has an extensive history of suicide attempts, and hallucination; punishing the plaintiff to 30 days punitive segregation with an additional 4 months of segregation which constitute cruel and unusual punishment in violation of the Eight Amendment to the United States constitution.

The actions of the defendants caused the plaintiff pain and suffering, mental anguish, depression, stress, emotional distress, humiliation, and injury to plaintiff's constitutional rights

D. Deliberate indifference Claim

Defendants Brett Cobble and Frank Strada after being informed of the retaliation, failure to protect, denial decent prison conditions, and denial of psychiatric care, through conversation and letters, the defendants failed to remedy the wrong and exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring constituted cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.

The actions of the Defendants caused the Plaintiff pain and suffering, mental anguish, emotional distress, and injury to the Plaintiff's constitutional rights.

The plaintiff has no plain, adequate, or complete remedy at law to address the wrongs described herein. Plaintiff has been and will continue to be irreparably injury by the conduct of all the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## Relief Requested

Wherefore, Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

13

A. A declaration that the acts and omissions described in this Complaint violated the Plaintiff's rights under the Constitution and laws of the United States.

B. Issue a preliminary injunction ordering Defendants Brett Cobble and Frank Strada to authorize for the plaintiff to receive a psychiatric evaluation and adequate psychiatric care.

C. Award compensatory damages in the following amounts:

1. $75,000 against each Defendants Kerri Tidball and Matthew Winn for retaliation against the plaintiff for exercising his right to access to the courts and right to a disciplinary hearing and appeal which violated the plaintiff's First Amendment right to the United States Constitution.

2. $150,000 against each Defendants Kerri Tidball, Matthew Winn, Alison Angel, and Ryan Snelly for failure to protect from self-inflicted injury and denial of decent conditions of confinement amounted to the defendants' deliberate indifference which constitute cruel and unusual punishment in violation of the Eight Amendment to the United states Constitution.

D. Award punitive damages in the following amounts:

1. $50,000 against each Defendants Brett Cobble and Frank Strada for deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring against the plaintiff constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

2. $150,000 against each Defendants Kerri Tidball, Matthew Winn, Alison Angel, Ryan Snelly, Brett Cobble, and Frank Strada for the acts and omissions resulting in injury to the

14

plaintiff described in this Complaint constituted cruel and unusual punishment in violation of the Eighth Amendment to the United states Constitution.

E. Plaintiff's cost in this suit.

F. A jury trial on all issues triable by jury.

G. Any additional relief this Court deems just, proper, and equitable.

Signed this the _29th_ day of _JANUARY_, 2026.

Respectfully Submitted,

_Larry Payne #330067_

Larry Payne #330067
1045 Horsehead Road
Pikeville, TN 37367

## Verification of Complaint

I have read the foregoing complainant and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Signed on this _29 th_ day of _JANUARY_ 2026.

Respectfully Submitted,

_Larry Payne #330067_

Larry Payne #330067
1045 Horsehead Road
Pikeville, TN 37367

15

# CERTIFICATE OF SERVICE

I hereby certify that I have caused an exact copy of the foregoing has been

forwarded by, U.S. postal mail, postage prepaid to:

Court Clerk
United States District Court
900 Georgia Ave. Room 309
Chattanooga, TN 37402

On this 29th day of JANUARY , 2026

Respectfully Submitted,

*Larry Payne #330067*

Larry Payne #330067
1045 Horsehead Road
Pikeville, TN 37367

16