| | | |
|---|---|---|
| LARRY PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:    1:26-CV-34-CLC-CHS |
| | ) | |
| KERRI TIDBALL, MATTHEW WINN, | ) | |
| ALISON ANGEL, RYAN SNELLY, | ) | |
| BRETT COBBLE and FRANK STRADA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff Larry Payne, a prisoner in the custody of the Tennessee Department of Correction housed at the Bledsoe County Correctional Complex, filed a (1) pro se prisoner complaint under 42 U.S.C. § 1983 [Doc. 1] and (2) motion for leave to proceed *in forma pauperis* [Doc. 4].  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion and permits Plaintiff's claims to **PROCEED** against Defendants.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee.  *See* 28 U.S.C. § 1915(a).  A review of Plaintiff's motion and Certificate of Inmate Trust Fund Account [Doc. 4] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum.  Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** this motion [*Id.*].

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when

such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

Pursuant to the Court's review of the complaint in accordance with the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that Plaintiff has plausibly alleged a First Amendment retaliation claim against Defendants Tidball and Winn and an Eighth Amendment claim against Defendants Tidball, Winn, Angel, Snelly, Cobble, and Strada.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Tidball, Winn, Angel, Snelly, Cobble, and Strada. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of receipt of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective. Plaintiff is forewarned that if he fails to timely return the completed service packets, this action will be dismissed.

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

3