# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

LARRY PAYNE,                              )
                                         )
      Plaintiff,                         )
                                         )
v.                                       )    No.:   1:26-CV-34-CLC-CHS
                                         )
KERRI TIDBALL, MATTHEW WINN,             )
ALISON ANGEL, RYAN SNELLY,               )
BRETT COBBLE and FRANK STRADA,           )
                                         )
      Defendants.                        )

## MEMORANDUM & ORDER

Plaintiff Larry Payne is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") proceeding pro se in this civil rights action under 42 U.S.C. § 1983 on claims that Defendants Kerri Tidball and Matthew Winn retaliated against him for filing a lawsuit against Bledsoe County Correctional Complex ("BCCX") employees, and that Defendants Tidball, Winn, Alison Angel, Ryan Snelly, Brett Cobble, and Frank Strada failed to protect him [Docs. 1, 7].

Before the Court are Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prior to filing suit [Doc. 15]; Plaintiff's motion for an extension of time within which to respond to Defendants' motion [Doc. 20]; and Plaintiff's response, in which he requests that the Court grant Defendants' motion [Doc. 21]. Upon due consideration, the Court finds Plaintiff's motion for time should be **GRANTED**, Defendants' motion for summary judgment should be **GRANTED**, and this action should be **DISMISSED**.

## I.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). And "[i]n cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted)). Accordingly, in this case, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* at 456 (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

## II.   SUMMARY JUDGMENT EVIDENCE

TDOC's grievance procedure is set forth in TDOC policy 501.01 and explained in the TDOC Inmate Grievance Procedures Handbook [Doc. 17-1 ¶ 4]. This process provides "a forum where inmates may formally raise concerns over incidents or conditions that personally affect them and allows complaints to be considered and addressed at both the institutional and departmental level" [*Id.* ¶ 8; p. 16]. Grievance forms are available in each housing unit and are given to any inmate upon request [*Id.* ¶ 10; p. 20]. Forms are collected daily from locked depositories on each unit [*Id.*]. Inmates housed in segregation or who are medically detained may give their completed grievance forms to any staff member, and that staff member must deposit the grievance in the depository the same day [*Id.* ¶ 11; p. 20]. Inmates may also request assistance from an advocate in preparing and filing grievances and appeals [*Id.* ¶ 12, pp. 7, 21–22].

The TDOC's grievance review procedure is a three-step process [*Id.* ¶ 13; pp. 9–10, 22–25]. An inmate initiates the grievance process by submitting a written grievance form within seven (7) days of the complained of incident [*Id.*]. The grievance committee chairperson logs the grievance as received, he or she forwards it to the employee or department involved for a response, and that response is reviewed by the chairperson, who also provides a written response [*Id.*].

If the inmate accepts the first-level response, the matter is considered resolved [*Id.*]. If the inmate does not agree, he may appeal the response to the grievance committee and warden [*Id.*]. The grievance committee will then issue a proposed response that is forwarded to the warden, who reviews the committee's response and provides a response of agreement or disagreement [*Id.*].

If the inmate agrees with the warden's decision, the matter is considered resolved [*Id.*]. But if the inmate disagrees, he may proceed to the third level and appeal to the Assistant Commissioner of Prisons or his/her designee [*Id.*]. The Assistant Commissioner's response is final and no longer subject to additional appeals [*Id.*]. Thus, a grievance that has been appealed through all three levels is final and concludes the grievance process [*Id.*].

If a time limit expires at any stage of the grievance process without the required response from prison officials, the inmate may move the grievance to the next stage of the process, unless the inmate agrees to an extension of the applicable time period in writing [*Id.* ¶ 13, p. 10].

## III.    LAW AND ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is "a precondition to filing an action in federal court[,]" and a

prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted).

The requirements of exhaustion are not set out in the PLRA itself. Rather, to satisfy the exhaustion requirement, an inmate must properly complete the grievance procedures put forward by his correctional institution, including any procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("It is the prison's requirements . . . that define the boundaries of proper exhaustion."). Moreover, exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 578 U.S. 632, 641 (2016). Therefore, "exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile[.]'" *Napier v. Laurel Cnty.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted).

Plaintiff filed the instant action on or about February 2, 2026, complaining of Defendants' allegedly unconstitutional conduct that occurred in September 2025. [*See generally* Doc. 1]. However, Plaintiff did not file a grievance concerning these allegations until April 2026 [Doc. 17-1 ¶ 16]. Thus, there is no genuine dispute that Plaintiff did not comply with TDOC policy requiring him to file his grievance within seven (7) calendar days of the occurrence giving rise to the grievance, nor is it disputed that he did not file this grievance before filing this lawsuit [Doc. 1; Doc. 17-1 ¶¶ 3, 16, pp. 44–49]. Accordingly, Defendants are entitled to summary judgment.

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's motion for an extension of time [Doc. 20], such that his response conceding Defendants' motion is deemed timely filed. And for the reasons articulated

4

above, Defendants' motion for summary judgment [Doc. 15] is **GRANTED**, and this action will be **DISMISSED without prejudice**.

The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and therefore, Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED.  AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.


**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

5